**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4180**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE CASTREJON MORALES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:19-cr-00042-MOC-DSC-1)

Submitted: September 18, 2020                    Decided: October 7, 2020

Before NIEMEYER, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jefferey William Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe Castrejon Morales pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 135 months of imprisonment—the low end of the advisory Sentencing Guidelines range. Morales appealed. Morales' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court properly applied the sentencing enhancement for maintaining a premises for the manufacturing or distribution of controlled substances. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2018). Morales was advised of his right to file a pro se supplemental brief, but he did not file one. For the reasons that follow, we affirm.

Because Morales did not challenge the premises enhancement in the district court, we review the propriety of this enhancement for plain error. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). To satisfy the plain error standard, Morales must show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013). We find no such error on this record.

Pursuant to Fed. R. Crim. P. 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Additionally, even if a defendant objects to a finding in the presentence report ("PSR"), in the absence of an affirmative showing that

2

the information is not accurate, the court is "free to adopt the findings of the presentence report without more specific inquiry or explanation." *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks and alteration omitted). Given Morales' failure to object to this enhancement or otherwise show that the PSR was inaccurate, we discern no error, let alone plain error, in the district court's reliance on the PSR in applying the § 2D1.1(b)(12) enhancement.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Morales, in writing, of the right to petition the Supreme Court of the United States for further review. If Morales requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morales. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*